UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD J. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>D.M. TORRES, ET AL.,<br><br>Defendant(s). | Case No. CV 18-8455-FMO (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Bernard J. Spencer ("Plaintiff"), an inmate at Salinas Valley State Prison, filed a civil rights Complaint ("Complaint") alleging various claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants D.M. Torres, D. Davis, J.R. Kazar, Z. Wallace, R. Cohan, I.V. Lopez, M. Grijalva, C. Steeb, E. Watkins, J. Gastelo, and R. Tomkins, Jr. (collectively, "Defendants") each in their individual and official capacities, regarding an incident at California Men's Colony. ECF Docket No. ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to amend.

///

///

## II.

## **BACKGROUND**

On September 18, 2018, Plaintiff, proceeding <u>pro se</u>, constructively filed[1] a civil rights Complaint against Defendants in their individual and official capacities alleging violations of his First, Eighth, and Fourteenth Amendment rights arising out of an incident on September 22, 2016 at California Men's Colony. Dkt. 1. Plaintiff alleges as follows:

On September 22, 2016, Plaintiff told defendant Torres "[i]t's a bad thing to have so much hate in your heart." <u>Id.</u> at 11. Defendant Torres called Plaintiff a "Dumb-ass Nigger" and smashed Plaintiff's face into a wall, leaving a cut above Plaintiff's left eye, and left Plaintiff in an observation cell with painfully overtightened handcuffs. <u>Id.</u> at 11, 13-14.

Defendants Davis and Kozar, officers who observed Plaintiff in the cell, denied Plaintiff's requests to loosen the handcuffs, even though Plaintiff told them the handcuffs were cutting off his circulation and his arms were going numb. <u>Id.</u> at 17-22. Defendants Davis and Kozar then interfered with Plaintiff's ability to properly record the incident, by convincing defendant nurse Watkins not to write down Plaintiff's report of the cause of his injuries. <u>Id.</u>

Defendant Sergeant Wallace "chewed out" Davis and Kozar for interfering with Plaintiff's medical records. <u>Id.</u> at 19. Plaintiff believes defendant Wallace conspired with defendants Davis, Torres, and Kozar because, as their supervisor, he should have acted to make sure they properly reported the incident. <u>Id.</u> at 23-24.

---

[1] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, while the Complaint is not signed, Plaintiff signed a proof of service on September 18, 2018. Dkt. 1 at 32. Hence, for purposes of this Order, the Court construes September 18, 2018 as the constructive filing date without prejudice.

Defendant Lieutenant Cohan was the internal affairs officer assigned to take video of Plaintiff's statement. Id. at 25-27. However, defendant Cohan failed to record or file a copy of the recording to prevent Plaintiff from moving forward with his grievance and in retaliation for trying to report defendants Torres, Kozar, and Davis. Id. Defendant Cohan sent Plaintiff to the "hole" in retaliation for attempting to file a grievance and to discourage Plaintiff from proceeding against defendants Torres, Kozar, and Davis. Id. at 25.

Plaintiff believes Defendant Lopez falsified a Rules Violation Report ("RVR") of the incident to support defendant Torres' version of events because Plaintiff does not recall defendant Lopez being present. Id. at 28-29.

While not entirely clear, it appears defendant Grijalva, the incident commander, failed to properly investigate the RVR filed by defendant Torres, resulting in Plaintiff being found guilty of the violation and placed in a higher security level prison. Id. at 30-31. Defendant Warden Gastello conspired in the retaliation by approving Plaintiff's transfer to a higher security prison. Id.

There are no factual allegations against defendants Steeb or Tompkins other than the conclusory allegation that they conspired in the cover up of the allegations against their subordinates. Id. at 9.

In summary, while not entirely clear, the Complaint alleges the following claims:

    (1)    First Amendment retaliation against defendant Torres;

    (2)    Eighth Amendment excessive force against defendant Torres;

    (3)    Fourteenth Amendment equal protection against defendant Torres;

    (4)    Eighth Amendment deliberate indifference against defendants Davis, Kozar, and Lopez based on their refusal to loosen Plaintiff's handcuffs or call medical;

    (5)    Eighth Amendment deliberate indifference against defendant Watkins for "delaying treatment";

(6) Eighth Amendment "deliberate indifference" against defendants Wallace, Cohan, Grijalva, and Gastello for conspiring to cover up the use of force in violation of the Eighth Amendment;

(7) First Amendment retaliation against defendant Cohan based on sending Plaintiff to the "hole" because of Plaintiff's grievances against defendants Torres, Davis, and Kozar;

(8) First Amendment retaliation against defendant Gastello for transferring Plaintiff to a "higher level prison";

(9) Fourteenth Amendment due process against defendant Lopez for falsifying a RVR;

(10) Fourteenth Amendment due process against defendants Grijalva and Gastello for covering up the use of force incident; and

(11) First and Fourteenth Amendment claims against defendants Steeb and Tompkins.

The Complaint does not contain a request for relief.[2]

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108,

---

[2] A blank request for relief page of the civil rights complaint form is attached to the Complaint but is not completed or signed. Dkt. 1 at 12.

4

1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

1    If the court finds the complaint should be dismissed for failure to state a claim,
2 the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,
3 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it
4 appears possible the defects in the complaint could be corrected, especially if the
5 plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
6 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot
7 be cured by amendment, the court may dismiss without leave to amend. Cato, 70
8 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.   THE COMPLAINT VIOLATES RULE 8**

**1.   Applicable Law**

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Moreover, a complaint must contain "a demand for relief sought which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Accordingly, a court may dismiss the complaint if it violates Rule 8. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

**2.   Analysis**

First, the Complaint is subject to dismissal because it fails to contain "a demand for relief sought". See Knapp, 738 F.3d at 1109. In addition, the Complaint does not contain any factual allegations against defendants Steeb or Tompkins. Therefore, defendants Steeb and Tompkins have not been provided fair notice of Plaintiff's claims against them. Thus, the Complaint is subject to dismissal under Rule 8.

## B. THE COMPLAINT VIOLATES RULE 11 BECAUSE IT DOES NOT INCLUDE A SIGNATURE

### 1. Applicable Law

Under Federal Rule of Civil Procedure 11 ("Rule 11"), a complaint must "be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Accordingly, a court may dismiss the complaint "based on a party's . . . failure to comply with federal or local rules of civil procedure." Ghazali v. Moran, 26 F.3d 52, 53-54 (9th Cir. 1995).

### 2. Analysis

Here, the signature page of the form complaint is blank. Dkt. 1 at 12. Thus, the Complaint is subject to dismissal under Rule 11. See Ghazali, 26 F.3d at 53-54.

## C. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342,

1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2. Analysis

Here, Plaintiff fails to state a Section 1983 claim against Defendants in their official capacity because Plaintiff does not allege facts showing Defendants had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166. In fact, Plaintiff appears to allege a "random act[] or [an] isolated event[]" in which Defendants (1) beat Plaintiff and acted with deliberate indifference to the injuries and (2) subsequently took actions to cover-up the incident. See Thompson, 885 F.2d at 1444. Ultimately, Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Defendants in their official capacity is subject to dismissal.

## D. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS WALLACE, GRIJALVA, AND GASTELLO

### 1. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. Because vicarious liability does not apply to Section 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d

868 (2009). A defendant may be held liable as a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citations omitted). Accordingly, "[e]ven under a 'deliberate indifference' theory of individual liability, the [p]laintiff[] must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates. In short, . . . 'bald' and 'conclusory' allegations are insufficient to establish individual liability under 42 U.S.C. § 1983." Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (internal quotation marks and citations omitted). Moreover, even "[i]f a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

**2. Analysis**

Plaintiff alleges defendants Wallace, Grijalva, and Gastello were deliberately indifferent to Plaintiff's situation when they conspired to cover up the use of force incident on September 22, 2016. However, Plaintiff fails to allege facts that plausibly establish defendants Wallace, Grijalva, and Gastello had knowledge of any unconstitutional conduct of their subordinates Davis, Kozar, Torres, and Lopez. Hydrick, 669 F.3d at 942.

Plaintiff also alleges defendant Wallace failed to ensure Davis, Kozar, and Torres properly reported the incident. However, there is no causal connection between the failure to ensure proper reporting and the alleged use of excessive force. See Starr, 652 F.3d at 1207.

Plaintiff alleges defendants Grijalva and Gastello failed to fully investigate the RVR prepared by Lopez, resulting in Plaintiff's transfer to a higher security facility.

9

However, Plaintiff sets forth no facts showing defendants Grijalva or Gastello had any knowledge that the RVR was false.

Accordingly, defendants Wallace, Grijalva, and Gastello cannot be held liable solely on their status as supervisors.

### E. PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION AGAINST DEFENDANT TORRES

#### 1. Applicable Law

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

However, in the prison context, not all speech is protected speech, and a prisoner does not have the same First Amendment rights as a non-prisoner. See Bell v. Wolfish, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L. Ed .2d 447 (1979). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974). A prisoner's First Amendment claim "must be analyzed in terms of the legitimate policies and goals of the corrections system...." Id.

Conduct protected by the First Amendment in the detention context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct.

2174, 135 L. Ed. 2d 606 (1996). However, the law regarding the extent of one's right to speak in prison is not well settled. Jackson v. Austin, No. 2:14-CV-0592 KJM (KJN), 2014 WL 4656201, at *3 (E.D. Cal. Sept. 16, 2014) (dismissing first amended complaint with leave to amend). "[A] number of district courts have [held] verbal challenges to prison officials that are argumentative, confrontational, and disrespectful are not protected by the First Amendment." See id.; see also Johnson v. Carroll, No. 2:08-CV-1494 KJN P, 2012 WL 2069561, at *33 (E.D. Cal. June 7, 2012), report and recommendation adopted, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012) (citing cases); Nunez v. Ramirez, No. 09-CV-413-WQH (BLM), 2010 WL 1222058, at *4 (S.D. Cal. Mar. 24, 2010) (holding "directly [verbally] confronting a correctional officer who was attempting to enforce an indisputably valid prohibition" was not protected speech, because "[s]uch a direct, face-to-face confrontation presents a danger of a disturbance and a disruption to institutional order and discipline that a written grievance does not").

### 2. Discussion

Plaintiff alleges defendant Torres retaliated against Plaintiff because Plaintiff expressed himself when he told defendant Torres "[i]t's a bad thing to have so much hate in your heart." Dkt. 1 at 11. Plaintiff's speech was argumentative and confrontational and not related to any particular grievance or access to the courts. See Johnson, 2012 WL 2069561, at *33; Nunez, 2010 WL 1222058, at *4. Therefore, Plaintiff's speech is not recognized as protected First Amendment conduct in the prison context. Hence, Plaintiff fails to state a claim for retaliation in violation of the First Amendment against defendant Torres.

## F. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FOURTEENTH AMENDMENT AGAINST DEFENDANT TORRES

### 1. Applicable Law

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the

laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); Shaw v. Reno, 509 U.S. 630, 113 S. Ct. 2816, 125 L. Ed. 2d 511 (1993). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); see also Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); Bell v. Wolfish, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

In order to state a claim for violation of the Equal Protection Clause, a plaintiff must plausibly allege a discriminatory intent or purpose, which "implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979).

**2.    Discussion**

Here, Plaintiff alleges defendant Torres called him a "Dumb-ass Nigger" and then smashed Plaintiff's face into a wall and overtightened his handcuffs. However, Plaintiff does not allege the force was used against him because he is African-American. Rather, Plaintiff alleges defendant Torres was retaliating against Plaintiff for his comment that "[i]t's a bad thing to have so much hate in your heart." Dkt. 1 at 11. Therefore, Plaintiff fails to allege the necessary discriminatory intent to support a Fourteenth Amendment claim for discrimination. In addition, mere name-calling, however obscene, is not sufficient to state a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding that verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding verbal harassment generally does not violate the Eighth Amendment); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1221–22 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999) (holding "even

accepting Plaintiff's allegations that Defendant Goodard, and other Defendants, referred to Plaintiff as a 'Jew Boy' as true, such claims, by themselves, do not rise to a constitutional level"). Finally, Plaintiff fails to identify any similarly situated inmates from whom Plaintiff was treated differently. See Hundal v. Salazar, No. CV 08-00543-CAS (MAN), 2010 WL 761223, at *5 (C.D. Cal. Mar. 3, 2010) (dismissing equal protection claim for failure to make "a threshold showing that defendants treated [plaintiff] differently from similarly situated inmates (citing City of Cleburne 473 U.S. at 439)).

### G. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE AGAINST DEFENDANTS COHAN OR WATKINS

#### 1. Applicable Law

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk

of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

    **2.     Analysis**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim against defendants Cohan or Watkins because it is unclear from the Complaint whether either of them was aware of a serious medical need that they failed to treat. See Farmer, 511 U.S. at 837.

Plaintiff alleges defendant Cohan failed to properly record Plaintiff's account of the incident and sent him to the "hole" in retaliation for attempting to file a grievance against defendants Torres, Kozar, and Davis. Dkt. 1 at 25-27. Plaintiff only conclusorily alleges defendant Cohan was "deliberately indifferent" by conspiring to cover up the use of force incident. However, Plaintiff does not identify any serious medical need that defendant Cohan was aware of and ignored.

Plaintiff alleges defendant Watkins did not write down everything he told her about his injuries and their cause. Dkt. 1 at 19-20. However, Plaintiff does not allege defendant Watkins failed to treat him for his injuries. Id. Plaintiff alleges he now suffers from headaches and dizzy spells but does not allege defendant Watkins had any reason to know about the continued pain because Plaintiff alleges he saw a

14

different nurse when he returned to the medical department. Id. Plaintiff's conclusory allegation that defendant Watkins "delayed" treatment is insufficient to state a claim because it is unclear from the Complaint what serious medical need defendant Watkins was aware of but failed to timely treat.

Accordingly, Plaintiff's Eight Amendment deliberate indifference claims against defendants Cohan and Watkins are subject to dismissal.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the case number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is

waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

    2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if Plaintiff chooses to voluntarily dismiss the action.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: December 06, 2018

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge